## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

C. F. Newton, etc.

v.

Dickerson, Inc., etc.

July 21, 1969

Case No. 1567

BY JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today which grants judgment in favor of the plaintiff herein and which denies the counterclaim.

The issue involves the interpretation and construction of a written contract (Plaintiff's Exhibit 1) between the plaintiff, a landscaping contractor, and the defendant, the prime contractor for the construction of a highway in Virginia Beach, Virginia.

The plaintiff seeks recovery for the stipulated amount of $1,889.27 which the defendant admits is due for work done under the contract. The defendant counterclaims seeking recovery in the same amount which it claims to be due under article IV of the contract which reads as follows:

> Article IV. Liability of *subcontractor*.
>
> The *subcontractor* shall hold and save the *contractor* harmless from any liability for damage to the said work, or for injury or damage to persons or property occurring on or in connection therewith.

The contract was prepared by the defendant and submitted to the plaintiff who signed it without making any changes. The plaintiff testified that the builder of the highway deleted the turfing requirement from the job and therefore the plaintiff was only to do the seeding which was to extend from the edge of the asphalt surface to the construction limits which was marked by fencing.

The work was completed and accepted; however, the amount in dispute was withheld by the defendant, it being the amount it had to expend to repair the pavement at the location of a fire which occurred on October 27, 1967, during the course of the job and which damaged the pavement. (Plaintiff's Exhibit 2.)

To perform his work the plaintiff purchased quantities of straw from time to time which was used to cover the area after seeding had taken place. On the occasion in question 890 bales of straw had been placed on the pavement by the plaintiff upon delivery because the shoulder of the road was wet. This procedure had been followed before with no objection by the defendant.

On the day in question, a Friday, after all of the plaintiff's employees had left the job site, the straw burned and damaged the pavement as aforesaid.

While the counterclaim, in paragraph 3 thereof, alleges that the damage resulted because the plaintiff created a nuisance and through the "acts and negligence" of the plaintiff's employees, the evidence fails to show the cause of the fire. The plaintiff testified that "no one knows definitely what caused the fire."

The plaintiff had to suffer the loss of the straw and the defendant was required to repair the damaged surface of the highway.

The narrow question for decision is whether under article IV the plaintiff must indemnify and save harmless the defendant from its liability for damage to the hard surface caused by the fire. This must be answered in the negative.

A contract of indemnity is to be construed in accordance with the rules for the construction of contracts generally. *Railroad* v. *Turnpike Authority*, 202 Va. 1029, 1033 (1961); 41 Am. Jur. 2d, *Indemnity*, section 13, page 697.

> It is the duty of the court to construe the contract between the parties, not to make a contract for them, and "The polestar for the construction of a contract is the intention of the contracting parties *as expressed by them in the words they have used*" . . . . The facts and circumstances surrounding the parties when they made the contract, and the purposes for which it was made, may be taken into consideration as an aid to the interpretation of the words used but not to put a construction on the words the parties have used which they do not properly

bear. "It is the court's duty to declare what the instrument itself says it says." 202 Va. 1033.

With these familiar rules as the background, an analysis of article IV should be made. The "work" spoken of in this paragraph is defined in the whereas clause as "turfing and seeding." As stated, the turfing was deleted from the job so the "work to be done under this agreement" was "seeding."

Therefore article IV insofar as is pertinent here may be read as follows: "The [plaintiff] shall hold and save the [defendant] harmless from any liability for . . . damage to . . . property occurring . . . in connection [with the seeding]." The defendant asserts that since the straw was an integral part of the performance of the plaintiff's work of doing the seeding, and since this straw, of necessity, must be stored temporarily before it is spread, and since in this case the storage area was upon the asphalt, then the damage thereto as the result of the fire was "in connection [with the work of seeding]." But to place such a construction on this clause would, in effect, make the plaintiff an insurer of the defendant for *any* damage done, *regardless of the cause*, to any property related in any way to the seeding operation. Such does not appear to have been the intention of the parties.

> A contract of indemnity should be construed so as to cover all losses, damages, or liabilities to which *it reasonably appears to have been the intention of the parties that it should apply*, but not to extend to losses, damages, or liabilities which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract. Such contracts are usually intended to provide against loss or liability of one party through the operations of the other, *or caused by physical conditions that are under the control of the other*, over which the party indemnified has no control and the party indemnifying has control. (Italics supplied.) 42 C.J.S., *Indemnity*, Section 12(a), pp. 579–580, ftns. 75, 76, 77.

If the parties had intended that the plaintiff would be responsible for all damage whatever the cause, "that could readily have been accomplished by using a few simple words to express that broad purpose." 202 Va. 1033. Instead, the words used limit responsibility to damage "occurring or in connection" with the seeding operation. There was no

proof as to the cause of the fire. It could have resulted from vandalism or lightning. It could also have resulted from some condition created by the plaintiff or from some act of negligence of the plaintiff's employees. Such is the allegation in the counterclaim. The evidence is clear, however, that the damage did not occur while the plaintiff was in the act of performing the seeding operation. Therefore, such damage due to a cause which is unexplained does not reasonably appear to have been within the intention of the parties.

The case of *Magann* v. *Electrical Works*, 203 Va. 259 (1962), relied on by the plaintiff, is not on point here. There the damage resulted from the acts of VEPCO performed as a necessary part of the subcontractor's work and in connection therewith. Here, as stated, there is no evidence that such was the case.